IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SELECT SECTOR SPDR TRUST, ) <br> a Massachusetts trust, ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> POWERSHARES EXCHANGE-TRADED FUND ) <br> TRUST II, a Massachusetts trust; ) <br> INVESCO POWERSHARES CAPITAL ) <br> MANAGEMENT, LLC, a Delaware corporation; ) <br> and ) <br> INVESCO AIM DISTRIBUTORS, INC., ) <br> now known as INVESCO DISTRIBUTORS, INC., ) <br> a Delaware corporation, ) <br> ) <br>       Defendants. ) <br> ) | Civil Action No. 4:10-cv-02589 <br><br> JURY |

## DEFENDANTS' ANSWER

In its *Original Complaint* (hereinafter, the "*Complaint*") filed in this lawsuit, Plaintiff Select Sector SPDR Trust accuses Defendants of infringing Plaintiff's putative family of trademarks, whereas, in actuality, Plaintiff has no proprietary rights in the allegedly infringed designations. Moreover, even if Plaintiff had such trademark rights, Defendants' activities would not constitute any infringement or other violation of those rights. Apparently recognizing the futility of its trademark-related claims, Plaintiff also asserts a common law claim for "misappropriation of business values" notwithstanding the obvious inapplicability of that common law doctrine to the activities of Defendants.

Accordingly, Defendants respond as follows to the allegations set forth in the *Complaint*.

1.     Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 1 of the *Complaint* are true, and Defendants therefore deny same.

2.     Defendants admit that PowerShares Exchange-Traded Fund Trust II ("Trust II") is a Massachusetts trust having a principal place of business at 155 Federal Street, Boston, Massachusetts 02110-1727, and that Mr. Andrew Schlossberg is the PEO of Trust II.  Except as expressly admitted herein, Defendants otherwise deny the allegations of Paragraph 2 of the *Complaint*.

3.     Defendants admit that Invesco PowerShares Capital Management, LLC is a Delaware limited liability company having a principal place of business at 301 West Roosevelt Road, Wheaton, Illinois 60187.  Except as expressly admitted herein, Defendants otherwise deny the allegations of Paragraph 3 of the *Complaint*.

4.     Defendants admit that Invesco Aim Distributors, Inc. changed its name to Invesco Distributors, Inc. and is a Delaware corporation having a principal place of business located at 11 Greenway Plaza, Suite 100, Houston, Texas 77046-1173.  Except as expressly admitted herein, Defendants otherwise deny the allegations of Paragraph 4 of the *Complaint*.

5.     No response to Paragraph 5 of the *Complaint* is required.

6.     To the extent, if any, that Paragraph 6 of the *Complaint* asserts implicitly that Plaintiff has asserted viable causes of action under Section 43(a) of the Lanham Act and the common law of the State of Texas, Defendants deny the allegations of Paragraph 6 of the *Complaint*.  Otherwise, no response to Paragraph 6 of the *Complaint* is required.

7. Defendants admit that this Court has subject matter jurisdiction over the claims set forth in the *Complaint*, notwithstanding the lack of merit of those claims, as asserted in Paragraph 7 of the *Complaint*.

8. Solely for purposes of this lawsuit, each of the Defendants admits that this Court has personal jurisdiction over it. Except as expressly admitted herein, Defendants otherwise deny the allegations of Paragraph 8 of the *Complaint*.

9. Solely for purposes of this lawsuit, Defendants admit that venue for this lawsuit is proper in this district. Except as expressly admitted herein, Defendants otherwise deny the allegations of Paragraph 9 of the *Complaint*.

10. Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 10 of the *Complaint* are true, and Defendants therefore deny same.

11. Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 11 of the *Complaint* are true, and Defendants therefore deny same.

12. Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 12 of the *Complaint* are true, and Defendants therefore deny same.

13. Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 13 of the *Complaint* are true, and Defendants therefore deny same.

LEGAL02/32198539v1

14. Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 14 of the *Complaint* are true, and Defendants therefore deny same.

15. Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 15 of the *Complaint* are true, and Defendants therefore deny same.

16. Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 16 of the *Complaint* are true, and Defendants therefore deny same.

17. Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 17 of the *Complaint* are true, and Defendants therefore deny same.

18. Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 18 of the *Complaint* are true, and Defendants therefore deny same.

19. Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 19 of the *Complaint* are true, and Defendants therefore deny same.

20. Defendants are without knowledge or information sufficient to form a belief as to whether the allegations of Paragraph 20 of the *Complaint* are true, and Defendants therefore deny same.

21. Defendants deny the allegations of Paragraph 21 of the *Complaint*.

LEGAL02/32198539v1

22.     Defendants deny the allegations set forth in the third sentence of Paragraph 22 of the *Complaint*. Defendants admit the remaining allegations of Paragraph 22 of the *Complaint*.

23.     Defendants admit that each of the exchange-traded funds (ETFs) referenced in Exhibit B to the *Complaint* is constructed to track a subset of companies of the Standard & Poor's 600 Composite Stock Index, a small cap stock index. Defendants also admit the allegations in the first, second, fourth and fifth sentences of Paragraph 23 of the *Complaint*. Except as expressly admitted herein, Defendants otherwise deny the allegations of Paragraph 23 of the *Complaint*.

24.     Defendants admit the allegations of Paragraph 24 of the *Complaint*.

25.     Defendants admit that the symbols used by Defendants and approved for Defendants' use by the appropriate regulatory bodies in conjunction with the nine subject ETFs are those symbols listed in Paragraph 25 of the *Complaint*. Except as expressly admitted herein, Defendants otherwise deny the allegations of Paragraph 25 of the *Complaint*.

26.     Defendants deny the allegations of Paragraph 26 of the *Complaint*.

27.     Defendants admit that information concerning the nine subject ETFs can be found currently through a link on the website accessed by the web address www.powershares.com. Defendants also admit that they currently use generic or descriptive icons on a webpage in connection with those nine ETFs and that, more particularly, the generic or descriptive image of a shopping cart is used in connection with the ETF identified as "The PowerShares S&P SmallCap Consumer Staples Portfolio

(Fund)." Except as expressly admitted herein, Defendants otherwise deny the allegations of Paragraph 27 of the *Complaint*.

28. Defendants admit that they were advised by NASDAQ of Plaintiff's request that the subject symbols be rescinded and the refusal of Plaintiff's request. Except as expressly admitted herein, Defendants otherwise deny the allegations of Paragraph 28 of the *Complaint*.

29. Defendants admit that representatives of Plaintiff contacted Mr. Benjamin Fulton, Managing Director of Global ETFs, and asked that Defendants discontinue usage of the subject symbols, and Defendants admit that Plaintiff's request was denied. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 29 of the *Complaint*.

30. Defendants deny the allegations of Paragraph 30 of the *Complaint*.

31. In the event that a response to Paragraph 31 of the *Complaint* is required, Defendants repeat, re-allege and incorporate by reference the responses of Paragraphs 1-30 as though set forth fully herein.

32. Defendants deny the allegations of Paragraph 32 of the *Complaint*, including without limitation, the assertion that there exists any family of trademarks comprised of the symbols used in conjunction with those ETFs of Plaintiff referenced in the *Complaint*.

33. Defendants deny the allegations of Paragraph 33 of the *Complaint*.

34. Defendants deny the allegations of Paragraph 34 of the *Complaint*.

LEGAL02/32198539v1

35. In the event that a response to Paragraph 35 of the *Complaint* is required, Defendants repeat, re-allege and incorporate by reference the responses of Paragraphs 1-34 as though set forth fully herein.

36. Defendants deny the allegations of Paragraph 36 of the *Complaint*.

37. Defendants deny the allegations of Paragraph 37 of the *Complaint*.

38. Defendants deny the allegations of Paragraph 38 of the *Complaint*.

39. In the event that a response to Paragraph 39 of the *Complaint* is required, Defendants repeat, re-allege and incorporate by reference the responses of Paragraphs 1-38 as though set forth fully herein.

40. Defendants deny the allegations of Paragraph 40 of the *Complaint*.

41. Defendants deny the allegations of Paragraph 41 of the *Complaint*.

42. Defendants deny the allegations of Paragraph 42 of the *Complaint*.

43. Defendants deny the allegations of Paragraph 43 of the *Complaint*.

## AFFIRMATIVE DEFENSES

Out of an abundance of caution, Defendants identify the following issues as "affirmative defenses" although, in actuality, the burden of proof concerning some or all of these issues rests with Plaintiff, such that the issues are not "affirmative defenses" for which Defendants bear the burden of proof. In doing so, Defendants do not waive their right to rely on any other issues or Plaintiff's failure to satisfy its burden of proof associated with any claim asserted by Plaintiff in this lawsuit.

44. In its "First Claim For Relief," Plaintiff fails to state a claim upon which relief may be granted.

LEGAL02/32198539v1

45. In its "Second Claim For Relief," Plaintiff fails to state a claim upon which relief may be granted.

46. In its "Third Claim For Relief," Plaintiff fails to state a claim upon which relief may be granted.

47. Plaintiff has no proprietary registered or common law trademark rights in any of the constituent designations comprising its putative family of XL trademarks.

48. Plaintiff has no proprietary "family" of XL trademarks.

49. None of the constituent designations comprising Plaintiff's putative family of XL trademarks is "distinctive," as that term is used in controlling trademark principles, as there is a logical connection between each of those designations and the asset portfolio of the related fund. Moreover, there are multiple third-party investment funds and products in conjunction with which several other XL-formative designations are used, thus undermining any contention by Plaintiff that each of its XL-formative designations is distinctive, or that its group of XL-formative designations is distinctive, in the field of investment funds and products.

50. Particularly in view of the relative sophistication of the relevant members of the public, it is unlikely that Defendants' usage of the subject designations will cause a significant level of confusion -- or *any* confusion -- as to the source or sponsorship of Defendants' ETFs.

51. Plaintiff's claims to trademark rights in any or all of the XL-formative designations made the subject of this lawsuit are barred by the doctrine of abandonment.

52. Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrines of acquiescence, estoppel and laches.

LEGAL02/32198539v1

53. Although the Texas common law misappropriation doctrine is intended to protect "the creation by plaintiff of a <u>product</u> through extensive time, labor, skill and money" (*Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 788 (5th Cir. 1999)), none of Plaintiff's allegedly infringed ticker symbols is itself a "<u>product</u>," as that term is used in the context of the Texas misappropriation doctrine.

54. Although the Texas common law misappropriation doctrine is intended to protect "the creation by Plaintiff of a product through <u>extensive time, labor, skill and money</u>" (*Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 788 (5th Cir. 1999)), none of Plaintiff's allegedly infringed ticker symbols was created through "<u>extensive time, labor, skill and money</u>," as that phrase is used in the context of the Texas misappropriation doctrine.

## **JURY DEMAND**

Defendants hereby demand a trial by jury on all issues triable by a jury.

WHEREFORE, Defendants pray that the Court:

(a) Dismiss Plaintiff's *Complaint* against Defendants in its entirety with prejudice;

(b) Order that Plaintiff have and recover nothing from Defendants in this lawsuit;

(c) Award Defendants their attorneys fees and costs in defending Plaintiff's *Complaint*, including, without limitation, those fees for which an award is proper pursuant to 15 U.S.C. § 1117(a); and

(d) Award Defendants such other and further relief as the Court deems just.

LEGAL02/32198539v1

Respectfully submitted,

/s/ Paul C. VanSlyke
Larry C. Jones (*pro hac vice* application to be filed), Attorney-in-charge
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
Telephone:  (704) 444-1000
Fax:  (704) 444-1100
Email:  Larry.Jones@alston.com

Paul C. Van Slyke
   (S.D. Texas Admission No. 534)
Nathan Dunn
   (S.D. Texas Admission No. 33428)
LOCKE LORD BISSELL & LIDELL LLP
2800 JPMorgan Chase Tower
600 Travis
Houston, Texas 77002
Telephone:  (713) 226-1200
Fax:  (713) 223-3717
Email:  PVanSlyke@LockeLord.com and
            NDunne@LockeLord.com

*Attorney for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 4, 2010, a copy of the foregoing was served electronically, via CM/ECF, on all counsel of record below who are deemed to have consented to such service under the Court's local rules.

/s/ Nathan C. Dunn
Nathan C. Dunn

LEGAL02/32198539v1