IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SELECT SECTOR SPDR TRUST,
a Massachusetts trust,

     Plaintiff,

v.

POWERSHARES EXCHANGE-TRADED
FUND TRUST II, a Massachusetts trust,
INVESCO POWERSHARES CAPITAL
MANAGEMENT, LLC, a Delaware corporation;
and
INVESCO AIM DISTRIBUTORS, INC.,
now known as INVESCO DISTRIBUTORS, INC.,
a Delaware corporation,

     Defendants.

Civil Action No. 4:10-cv-02589

JURY

---

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

---

Pursuant to the Court's *Order for Conference and Disclosure of Interested Parties* dated July 23, 2010 [Doc. No. 3], Plaintiff Select Sector SPDR Trust ("the Trust") and Defendants PowerShares Exchange-Traded Fund Trust II, Invesco PowerShares Capital Management, LLC and Invesco Distributors, Inc. (collectively "PowerShares") provide the Court with the following joint discovery/case management plan. The plan has been jointly developed by the parties. To the extent the parties were unable to reach agreement on any particular point, their respective positions are set forth below the Court-provided heading.

1.      **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

Counsel for the parties, including, *inter alia*, Robert R. Brunelli and Larry C. Jones, met on November 23, 2010 via telephone to discuss and develop this submission and to discuss all Rule 26(f) issues.

2.      **List the cases related to this one that are pending in any state or federal court with the case number and court.**

No cases relating to the instant case are pending in any state or federal court.

3.      **Briefly describe what this case is about.**

(a)      **Summary of Plaintiff's Contentions:**  The Trust filed its original Complaint [Doc. No. 1] asserting claims for federal and common law trademark infringement and misappropriation of its business values against PowerShares.  Each of these claims is predicated on PowerShares' unauthorized use of nine symbols, known as the "XL" family of marks, which the Trust has used for more than a decade to brand its nine different Standard & Poor's market sector ETF financial products.  The Trust does not seek damages, an accounting of profits, or any other monetary remedy on its claims (other than costs and attorney fees), only issuance of preliminary and permanent injunctive relief precluding PowerShares from continuing to use the Trust's nine valuable symbols in connection with PowerShares' sale of nine different, but highly related, Standard & Poor's market sector ETF financial products.

(b)      **Summary of Defendants' Contentions:**  PowerShares denies that the Trust has any proprietary trademark rights in the allegedly infringed designations.  Moreover, even if the Trust had such trademark rights, PowerShares' activities would not constitute any infringement

or other violation of those rights.  Apparently recognizing the futility of its trademark-related claims, the Trust also asserts a common law claim for "misappropriation of business values" notwithstanding the obvious inapplicability of that common law doctrine to the activities of PowerShares.  Thus, PowerShares seeks the dismissal of the Complaint and a recovery of costs and attorney fees.

**4.      Specify the allegation of federal jurisdiction.**

The Trust asserts that the Court has subject matter jurisdiction over all asserted claims under 15 U.S.C. § 1128, 28 U.S.C. §§ 1331, 1332 (as the value of the sought injunction exceeds $75,000) and 1338, and 28 U.S.C. § 1367.

**5.      Name the parties who disagree and the reasons.**

PowerShares admits that the Court has subject matter jurisdiction over all claims set forth in the Trust's Complaint notwithstanding the lack of merit of those claims.

**6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

At this time, neither the Trust nor PowerShares is aware of any additional persons or entities who should be included as parties in this action.

**7.      List anticipated interventions.**

At this time, neither the Trust nor PowerShares anticipates that any person or entity will attempt to intervene in this action.

**8.      Describe class-action issues.**

There are no class action issues present in this dispute.

**9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have agreed to make their Rule 26(a) initial disclosures on or before December 7, 2010.

**10.     Describe the proposed agreed discovery plan, including:**

**A.      Responses to all the matters raised in Rule 26(f).**

**(i)      Preserving discoverable information.**

Each party has taken steps to preserve discoverable information, including electronically stored information for potential production in their native formats.

**(ii)     Electronically stored information.**

The parties do not anticipate any issues relating to the disclosure of electronically stored information and agree to produce e-mails and other electronically stored information as described in paragraph 2 below.  With respect to the disclosure and discovery of electronically stored information as required by the Fed. R. Civ. Proc. 26(f), the parties agree as follows:

1.    *Types of Electronic Documents*:  The parties anticipate the following types of electronic documents may be produced pursuant to a discovery request:  e-mails, spreadsheets and Word documents.

2.    *Form of Production*:  The parties agree that electronically stored information will be produced in electronic form in TIFF or native file format and that each file will

be individually labeled with control numbers.  The parties agree to negotiate in good faith and develop a mutually agreeable and uniform method and format for producing electronically stored information.

3. *Accessible/Inaccessible Electronic Document*:  Reasonably accessible documents include e-mails, spreadsheets, Word documents and other electronic files residing on the parties' network servers or, if a network server is not used, on employees' laptop or desktop computers.  Reasonably accessible documents will be provided in compliance with the Federal Rules of Civil Procedure and the applicable Local Rules.  Information that is not reasonably accessible may include, among other things, back-up tapes, legacy data and deleted files on hard-drives.  To the extent a party seeks information from sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2), and to the extent the party can meet all the requirements for access to that information, the requesting party shall bear the costs of searching for, identifying, and extracting the data. The producing party should bear the costs associated with producing reasonably accessible documents.

4. *ESI Protocol*:  The parties anticipate engaging in good faith negotiations to develop a protocol for ESI discovery and will submit a stipulated ESI protocol to the Court.

**(iii)**          **Privilege logs.**

The parties do not anticipate any issues relating to claims of privilege.  If attorney-client communications privilege or attorney work product claims are asserted, the parties agree to submit privilege logs.

**(iv)**          **Limitations on discovery.**

At the present time, no party is seeking any change in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court.  However, PowerShares anticipates that it may become necessary at a later date for either or both parties to seek leave of Court or a stipulation of the adverse party(ies) to take a greater number of depositions than otherwise would be permitted under Rule 30(a)(2)(A).

**(v)**          **Umbrella protective order.**

The parties anticipate that a protective order will be needed to protect the confidentiality of, and to prohibit the unauthorized use of, any trade secret or confidential commercial information that may be required to be disclosed by the parties, or by various third-parties, during discovery.  The parties have exchanged drafts of that order and agree to continue to cooperate toward the submission to this Court of a mutually acceptable proposed protective order.

**B.**          **When and to whom the plaintiff anticipates it may send interrogatories.**

The Trust will propound its first set of interrogatories and document requests upon PowerShares on or before December 17, 2010.

**C.     When and to whom the defendant anticipates it may send interrogatories.**

PowerShares anticipates that it will serve its first sets of interrogatories and document

requests upon the Trust on or before December 17, 2010.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

The Trust currently anticipates taking oral depositions of at least:

1. Bobby Brooks
2. Ed McRedmund
3. Bruce Bond
4. Ben Fulton
5. Andrew Schlossberg
6. Rule 30(b)(6) representative of each Defendant

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

PowerShares currently anticipates taking oral depositions of at least:

1. Various employees and designees of State Street Bank and its affiliates (including SSgA Funds Management Inc.), including, without limitation, Scott Powers and Phil Gillespie.
2. Various employees and designees of ALPS Fund Services, Inc., including, without limitation, Tom Carter and Ned Burke.
3. Various employees and designees of several third-party entities involved in the marketing of investment products (including, without limitation, Ryder Distributors, Highland Funds, XL Group plc, Pimco and Barclays).
4. Dan Dolan
5. George Gaspari

The depositions likely will commence after PowerShares receives the documents and

information to be requested in PowerShares' initial discovery requests.

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

**(i)**     **Plaintiff's Contentions:**  The Trust will be in a position to designate its expert(s) by December 17, 2010.  The Trust will be in a position to provide Rule 26(a)(2)(B) expert report(s) on or before February 18, 2011.

**(ii)**     **Defendants' Contentions:**  PowerShares is aware of the Trust's recently stated intention to seek a consolidation of a hearing on a motion for a preliminary injunction with the trial on the merits.  However, even if the Court orders such a consolidation, the complexity and uniqueness of the issues involved in this lawsuit (e.g., Can stock symbols ever acquire trademark status?; If so, under what conditions?; and, Assuming that a stock symbol has acquired trademark status, under what circumstances, if any, are another's activities likely to cause confusion?) will require substantial discovery from not only the parties themselves but also numerous third-parties.  Consequently, to properly vet those and other issues and prepare adequately for trial on the merits will require a substantial length of time.  In fact, as in most other lawsuits involving claims of intellectual property rights, few meaningful discovery depositions are likely to be taken until each party has first obtained and reviewed at least the first wave of documents and other discovery responses obtained from the adverse party(ies) and the several third-parties who will be deposed.  Thus, PowerShares requests that the pre-trial schedule for this case be set on a pace which is normal for trademark infringement lawsuits such as this one, in which no early preliminary injunction motion was filed, and that, more particularly, the following schedule and deadlines be adopted:

| | |
|---|---|
| Amended pleadings and addition of parties | April 29, 2011 |
| Non-expert discovery | July 29, 2011 |
| Plaintiff's expert reports | August 31, 2011 |

Defendant's expert reports                    September 28, 2011

Depositions of experts                         October 31, 2011

Dispositive motions                            November 30, 2011

**G.      List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The Trust anticipates deposing all experts endorsed by PowerShares and it will be in a position to complete those depositions by April 1, 2011.

**H.      List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

PowerShares anticipates deposing all experts endorsed by the Trust on or before October 31, 2011, pursuant to its proposed schedule submitted above.

**11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

As noted above, the parties do not agree on the issue whether the discovery and pretrial preparations for this lawsuit should now be accelerated.

**12.     Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have propounded, or will soon propound, their first sets of interrogatories and document requests.

**13.     State the date the planned discovery can reasonably be completed.**

**(i)      Plaintiff's Contentions:**  The Trust believes factual discovery can reasonably be completed by February 28, 2011 and all expert discovery can be completed by April 1, 2011.

**(ii)    Defendants' Contentions:**  As reflected above, PowerShares does not agree that the discovery and trial preparations for this lawsuit should be accelerated, or can be accelerated reasonably, if the Court is to consolidate a preliminary injunction hearing with a trial on the merits, and PowerShares requests instead that the non-expert discovery be closed July 29, 2011, with expert discovery occurring in stages thereafter.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Trust requires that PowerShares discontinue all use of each member of the XL family of marks in connection with its offering and sale of Standard & Poor's 600 market sector ETF financial products.  PowerShares does not accept the premise that the Trust has any proprietary trademark rights in the XL-formative designations used as ticker symbols, and PowerShares is not willing to acquiesce to the Trust's claim.  Accordingly, the parties currently do not believe there is a strong possibility for prompt settlement or resolution of the case.

**15.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

The Trust has agreed to provide PowerShares with a reasonable period of time to discontinue its use of each member of the XL family of marks in an attempt to bring about a prompt resolution to the dispute.

Particularly in view of the absence of confusion during the extended period in which PowerShares has used the allegedly infringing designations, PowerShares is unwilling to discontinue its use of those designations.

16.     **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

(i)     **Plaintiff's Contentions:**   The Trust believes that a magistrate-facilitated mediation is reasonably suitable for use in this case.  The Trust also believes that such a process may best be used after each party takes initial discovery, which, in the Trust's view, should be completed by early January 2011.

(ii)    **Defendants' Contentions:**   PowerShares believes that a mediation session conducted by a mutually acceptable third-party mediator is more suitable for use in this case.  PowerShares also believes that an appropriate time for such a mediation would be sometime in May or June 2011, near the end of the non-expert discovery stage.

17.     **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

All parties do not agree to proceed on a trial before a magistrate judge.

18.     **State whether a jury demand has been made and if it was made on time.**

(i)     **Plaintiff's Contentions:**   A timely demand to present to a jury all issues so triable was made by PowerShares.  However, the Trust does not believe that any issue presented in the case is triable by jury and requests that the Court so rule.  Only equitable relief and an award of attorney's fees and costs have been sought by the parties to this action.  As the Court well knows, claims in equity are not entitled to be reviewed by a jury.  *See, e.g., U.S. v. Williams*, 441 F.2d 637, 644 (5th Cir. 1971).  Further, an attorney's fees award is discretionary, rather than granted as a matter of right under the circumstances of this case, and there is no entitlement to a jury trial

on such claims.  *See, e.g., Curtis v. Loether,* 415 U.S. 189, 197 (1974).  Accordingly, no issue raised in this case may properly be tried to a jury.

      **(ii)**    **Defendants' Contentions:**  PowerShares concurs in the Trust's understanding stated above as to whether any party has a right to a jury trial in this lawsuit.

**19.**    **Specify the number of hours it will take to present the evidence in this case.**

      **(i)**    **Plaintiff's Contentions:**  The Trust anticipates that it will take no more than 40 hours to present all relevant evidence in this case.

      **(ii)**    **Defendants' Contentions:**  In view of the complexity of the issues involved in this lawsuit, PowerShares presently estimates that the trial on the merits of this lawsuit will require approximately 4-8 days.

**20.**    **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

**21.**    **List other motions pending.**

    None.

**22.**    **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    **A.**  **Request for Issuance of Briefing and Hearing Schedule on Requested Injunction**

      **(i) Plaintiff's Contentions:**  The Trust is suffering irreparable harm by PowerShares' continued use of its XL family of marks in connection with the sale of PowerShares' nine Standard & Poor's 600 market sector ETF financial products.  For this reason, the Trust

requested in its Complaint that this Court issue both a preliminary and then a permanent injunction precluding any further use of the Trust's nine symbols by PowerShares.

The Trust has now advised PowerShares of its intent to seek preliminary injunctive relief. The Trust is also mindful that where, as in this case: (i) all claims are to be tried to the Court; (ii) the evidence to be presented at a preliminary injunction hearing is virtually identical to evidence to be presented at trial; and (iii) granting of the preliminary injunction will effectively give a party all the relief it would obtain after trial,[1] consolidation of the preliminary injunction hearing with trial on the merits under Fed. R. Civ. P. 65(a)(2) is particularly appropriate. *See, e.g., Kickapoo Traditional Tribe of Texas v. Chacon*, 46 F. Supp. 2d 644, 648-49 (W.D. Tex. 1999). The Trust has now also thus advised PowerShares of its intention to ask this Court to combine the previously and hereby requested preliminary injunction hearing, with a trial on the merits.

PowerShares has also been advised that the Trust will ask this Court at the December 17, 2010 Scheduling Conference to set a briefing and hearing/trial schedule on the injunction request as follows:

    a.   Opening brief to be filed by the Trust on or before April 8, 2011.

    b.   Opposing brief to be filed by PowerShares on or before April 29, 2011.

    c.   Reply brief to be filed by the Trust on or before May 6, 2011.

    d.   Preliminary injunction hearing and/or trial on the merits to be held at the Court's pleasure anytime thereafter.

---

[1] It is highly unlikely that PowerShares will rebrand its Standard & Poor's 600 market sector ETF financial products through trial in response to an ordered preliminary injunction, only to revert back to the Trust's XL family of marks after trial should a permanent injunction not be issued.

**(ii)     Defendants' Contentions:**

There has been a lengthy period of time since PowerShares began its use of the allegedly infringing designations in April 2010.   Although the validity of the infringement claim asserted in this lawsuit is dependent, *inter alia*, on the *likelihood* that PowerShares' activities are such that a significant level of relevant confusion will occur, no *actual* confusion has occurred.   This circumstance informs the conclusion that the Trust's infringement claims are invalid, and this circumstance also undermines the Trust's potential motion for a preliminary injunction.   Thus, before the Court is a trademark infringement lawsuit to be set for trial on the merits in the ordinary course of litigation before this Court.   This case deserves no accelerated or preferential treatment among the body of litigation pending before this Court.

**B.  Other Issues**

None

**23.     List the names, bar numbers, addresses and telephone numbers of all counsel.**

/s/ Robert R. Brunelli                                          Date:   December 3, 2010
John D. Fraser
Attorney-in-Charge
**SHIELDS, BRITTON & FRASER**
**A PROFESSIONAL CORPORATION**
State Bar No. 07393550
5401 Village Creek Drive
Plano, Texas  75093
Phone:  469-726-3070
Fax:  972-788-4332
E-Mail:   jfraser@sbflegal.com

SHERIDAN ROSS P.C.
Robert R. Brunelli (admitted pro hac vice)
        Colorado State Bar No. 20070
        rbrunelli@sheridanross.com
John R. Posthumus (admitted pro hac vice)
        Colorado State Bar No. 20950
        jposthumus@sheridanross.com
Patricia Y. Ho (admitted pro hac vice)
        Colorado State Bar No. 38013
        pho@sheridanross.com
1560 Broadway, Suite1200
Denver, CO 80202
Phone:  303-863-9700
Facsimile: 303-863-0223
ATTORNEYS FOR PLAINTIFF


/s/ Larry C. Jones                                          Date:  December 3, 2010
Larry C. Jones
Attorney-in-charge
Alston & Bird LLP
101 South Tryon Street, Suite 4000
Charlotte, NC  28280-4000
Telephone: (704) 444-1000
Fax:  (704) 444-1100
Email:  Larry.Jones@alston.com

Paul C. VanSlyke
(S.D. Texas Admission No. 534)
Nathan Dunn
(S.D. Texas Admission No. 33428)
LOCKE LORD BISSELL & LIDELL LLP
2800 JPMorgan Chase Tower
600 Travis
Houston, TX  77002
Telephone: (713) 226-1200
Fax:  (713) 223-3717
Email: PVanSlyke@LockeLord.com
        NDunne@LockeLord.com
ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 3, 2010, a copy of the foregoing was served electronically, via CM/ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

/s/ Robert R. Brunelli
Robert R. Brunelli (admitted *pro hac vice)*